WALTER WALLS AND FRANK P. DOUGHERTY, RESPONDENTS, v. CHARLES CHRSTOS, APPELLANT.

Submitted May 27, 1927—Decided October 17, 1927.

For the respondents, *Oscar B. Redrow.*

For the appellant, *Grover C. Richman.*

The opinion of the court was delivered by

MINTURN, J. The learned trial court directed the jury to find a verdict for the plaintiffs upon the following undisputed facts:

The defendant was owner of certain lands, in the township of Deptford, containing many bungalows, many vacant lots, and a stream called Almomessen lake, together with lands adjoining it. The plaintiffs on September 15th, 1925, entered into a written contract with the defendant to purchase the tract for the sum of $130,000, upon which contract they made payments aggregating $8,000. The agreement contained the following provision: "The said property to be conveyed free and clear of all encumbrances, except existing building restrictions and easements now covering said properties, which regulate and govern the character of the improvements which have been respected and complied with in the erection of the present improvements."

"Title to the above property to be good and marketable, and such as will be insured by the Land Title and Guaranty Company of Camden, New Jersey."

An investigation of the title disclosed that the defendant had granted to owners of adjoining lands the use of the lake and certain portions of the land for park purposes. The plaintiffs, therefore, refused to accept a conveyance of the land they had contracted to purchase, upon the ground that it was encumbered by easements imposed upon it by a previous grant, which were the subject of litigation against the defendant, and that a notice of *lis pendens* had been filed against the land to secure the purposes of the litigation.

In that situation, a local title company declined to insure the title to the *locus in quo,* and as a result of the unsatisfactory and barren negotiations between the parties this suit was instituted to recover the payments made upon the contract. The legal right of the plaintiffs to recover under these facts seem indubitable. *Gahan* v. *Plant,* 83 *N. J. L.* 219.

It is, however, insisted that the plaintiffs failed to show their willingness to perform. The case is replete with proof that they made every reasonable effort to meet the defendant in his efforts to unravel the titular knot, and that his failure

so to do rendered a formal tender a mere perfunctory performance, which would be ineffectual as a means of producing the desired result.

It is contended, also, that the trial court erred in excluding oral testimony to explain the meaning of the written agreement. This contention obviously offends against the fundamental canon of the law of evidence, which precluded such an effort. If there were an existing patent or latent uncertainty regarding the meaning of the agreement, due to the uncertainty of the language employed, the Court of Chancery could have been appealed to, for the purpose of enlightenment, but in the absence of such a proceeding the rule regarding the introduction of oral testimony to vary the language of a written instrument still remains axiomatic and inflexible. 2 *Kent Com.* 556.

The substantial question, under the circumstances, obviously is the legal propriety of the trial court's direction of the verdict. Where the facts are not in dispute, and the legal inference thereon is indisputable, it is difficult to observe how the plain power and province of the court could be more appropriately or logically exerted than in directing a verdict. We think that the learned trial court in this instance was legally correct in that respect, and we conclude, therefore, that the judgment should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.

*For reversal*—None.